**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

Charles E. Butler
   Resident Judge

Leonard L. Williams Justice Center
500 North King Street, Suite 10400
Wilmington, Delaware 19801-3733
Telephone (302) 255-0656

August 11, 2021

Christian G. Heesters, Esquire
Schuster Jachetti, LLP
3407 Lancaster Pike, Suite A
Wilmington, DE 19805-5543

Kenneth M. Doss, Esquire
Casarino Christman Shalk Ransom & Doss, P.A.
1007 N. Orange Street
Nemours Building
Suite 1100
P.O. Box 1276
Wilmington, DE 19899

Erin K. Radulski, Esquire
Law Office of Dawn L. Becker
Citizens Bank Center
919 Market Street, Suite 550
Wilmington, DE 19801

> **Re:** *Cameron v. Godlewsk, et al.*
> **C.A. No. N18C-11-002 CEB**
> **Defendants' Motion to Exclude Evidence of Certain**
> **Medical Expenses. DENIED.**

Counsel:

I have a motion *in limine* before me seeking to exclude evidence of Plaintiff's

"PIP eligible expenses" pursuant to 21 *Del. C.* §2118.

1

As briefly as I can, here is the issue: Plaintiff was in a car accident and claims a total of approximately $40,000 in medical expenses. She had an auto insurance policy that called for $15,000 in personal injury protection ("PIP") coverage with a $10,000 deductible. She has sued the tortfeasor and the defense has filed a motion to preclude evidence of her medical expenses.

21 *Del. C.* §2118 (a)(2)(f) says "An insured person may not plead and introduce into evidence in an action for damages against a tortfeasor the amount of the deductible…" So, by the plain language of the statute, the first $10,000 in medical expenses paid by the Plaintiff are not admissible in evidence.

21 *Del. C.* §2118 (h) states that a person eligible for Personal Injury Protection – and there is no question this includes the Plaintiff – is precluded from "pleading or introducing into evidence . . . damages for which compensation is available . . . without regard to any elective reductions in such coverage and whether or not such benefits are actually recoverable." So the payments "available" under her PIP policy are not admissible in the trial against the tortfeasor.

Since the Plaintiff had $15,000 in "available" coverage, the parties agree that as a practical matter, the two statutory provisions together mean that the first $25,000 in medical expenses are not "boardable." That certainly implies that the medical expenses in excess of $25,000 *are* boardable.

But, of course, there's a complication. A defense-ordered Independent Medical Examination ("IME") concluded that the Plaintiff's expenses in excess of $10,500 were not "reasonable and necessary." After paying $10,500, Plaintiff's PIP carrier declined making further payments on her behalf. Plaintiff was thus barred from full recovery of PIP benefits, $4500 short of the maximum payout under the policy.

Defendant claims that Plaintiff had a duty to file suit against her PIP carrier for the remaining $4500. Defendant says that because she did not file a lawsuit against the carrier, she has not, and never will recover the maximum amount "available" under her policy.

The Court must reject Defendant's reading of the requirements of Section 2118. Defendant – wrongly, the Court believes – equates PIP exhaustion with PIP availability. Nowhere in Section 2118 is there an instruction that suit must be filed against a PIP carrier where PIP benefits are not exhausted as a predicate for filing suit against the tortfeasor. Section 2118 contains evidentiary limits on claimed damages in a tort suit; it does not set forth a rule of substantive law. Defendant's reading places a burden on the Plaintiff not contained in the statute and unsupported by any case citation.

Faced with a relatively modest amount in controversy with her PIP carrier (of $4500) and a relatively large boardable recovery in her suit against the tortfeasor

($15,000), Plaintiff elected to forego the modest recovery and pursue the larger one. She certainly *could have* filed suit against the PIP carrier and contested the IME's conclusion as to what expenses were "reasonable and necessary," but there is nothing in the language or purpose of Section 2118 that would make such a suit a necessity. As it is, she will have a trial against the tortfeasor at which the Defendant will all but certainly produce the IME physician as a witness to testify that expenses in excess of $10,500 were not "reasonable and necessary." That evidentiary burden does not, as Defendant suggests, force her out of court. Rather, it is but one more item of evidence the jury may consider in reaching its verdict.

In this motion, then, the Court rules that 1) the $10,000 deductible is not admissible, 2) the $15,000 in "available" insurance coverage is not admissible, regardless of the amounts actually paid, and 3) the remaining $15,000 (actually, $14,392.14) in claimed medical expenses is "boardable," subject to Defendant's evidence that such amounts were not "reasonable and necessary" medical expenses to remediate the damage caused by the tortfeasor.

**IT IS SO ORDERED.**

Resident Judge Charles E. Butler

4